## N. Y. SUPERIOR COURT.

BENJAMIN HAGUE, plaintiff, agt. OWEN O'CONNER, defendant.

Proof of a parol agreement between a plaintiff and a defendant to the effect " that, in case plaintiff would procure certain lands of the defendant to be sold, or would find a market for the same, at an aggregate price of not less than a certain sum named by the defendant, the defendant would sell the lands for said price and pay to the plaintiff for his services one half of the excess, which the plaintiff would procure to be given over and above the sum named by the defendant," followed up by further proof showing full performance on the part of the plaintiff at a price exceeding the limit named by the defendant and a subsequent refusal of the defendant to convey, is sufficient to entitle the plaintiff to recover his compensation, as agreed upon.

*General Term, June,* 1869.

ALBERT ROBERTS, *for plaintiff.*
CHARLES D. INGERSOLL, *for defendant.*

*By the court,* FREEDMAN, J.—The action is based upon and upon the trial the plaintiff proved, a parol agreement made and entered into between him and the defendant in about the month of September, 1867, to the effect that in case plaintiff would procure certain lands of the defendant to be sold, or would find a market for the same, at an aggregate price of not less than seventeen thousand dollars, the defendant would sell the lands for said price, and pay to the plaintiff for his services one half of the excess which the plaintiff could procure to be given over and above the said aggregate sum. The evidence further shows, and it is not disputed, that in pursuance of said agreement, the plaintiff appraised the property, divided it into lots, made a map, and estimated the price of each lot; that he submitted the map and appraisement to the defendant, who approved of it as made;

that plaintiff thereupon got circulars printed, and went round with them, and finally procured purchasers for all the lots at the aggregate price of eighteen thousand four hundred and seventy-five dollars; that Thursday evening, the 13th of February, 1868, was appointed between the parties to this action and the purchasers as the time, and Farmers' Institute as the place, for the delivery of the deeds, and that a meeting of all parties took place accordingly. It appears, however, that the defendant, not having the deeds ready for delivery at the appointed time and place, applied for and obtained an adjournment until the following Tuesday, February 18, 1868, but that at the same time he commended the plaintiff for the manner in which the latter had managed the business and informed the purchasers that the plaintiff was not to blame for the delay. On the 18th another meeting of the plaintiff and the purchasers took place pursuant to adjournment, but the defendant did not appear, and again made a default in the delivery of the deeds. Upon these facts, I think the plaintiff is entitled to recover his compensation as agreed upon. I am of the opinion that he has shown a perfect cause of action, which could not be defeated again by the introduction by defendant's counsel upon plaintiff's cross-examination and against plaintiff's objection of a new agreement, alleged to have been made by plaintiff on the day after the second default of the defendant, for the reason, amongst others, that the evidence, as it stands, shows that the plaintiff was induced by the defendant to sign it upon the representation and in the belief that it related solely to an allowance by plaintiff to defendant of five per cent. out of his share of the profits, and that the plaintiff did not know or suspect it to contain anything else.

The plaintiff's exception to the order dismissing his complaint should be sustained, and the said order of dismissal should be reversed, and a new trial granted, with costs to abide the event.

MONELL and JONES, JJ., concurred.